c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| KENT GAINES,<br>Plaintiff | CIVIL ACTION NO. 3:20-CV-01516 |
| VERSUS | JUDGE DOUGHTY |
| JACKSON PARISH POLICE JURY,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court are Rule 12(b)(6) Motions to Dismiss (ECF Nos. 5, 16) filed by Defendant Jackson Parish Police Jury (the "Police Jury"), seeking dismissal of all claims. Plaintiff Kent Gaines ("Gaines") opposes. ECF Nos. 8, 24.

Because Gaines fails to state plausible claims for discrimination or retaliation, the Police Jury's Motions to Dismiss (ECF Nos. 5, 16) should be GRANTED.

### I. Background

Gaines sued the Police Jury for declaratory, injunctive, and monetary relief for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.*, La. R.S. 23:301, *et seq.*, and La. R.S. 51:2256. ECF No. 1 at 1. Gaines originally asserted causes of action for gender and race discrimination, and retaliation. *Id.* at 3.

The Police Jury filed a Rule 12(b)(6) Motion to Dismiss ("First Motion to Dismiss") (ECF No. 5), seeking dismissal of all claims. ECF No. 5 at 1. The Police Jury asserts Gaines' Complaint (ECF No. 1) fails to allege sex or race-based

discrimination or harassment. *Id.* And it asserts that Gaines fails to allege an adverse employment adverse action or plausible allegation of causation of a protected activity and employment action as retaliation. *Id.*

Gaines responded with an Opposition (ECF No. 8) and a First Amended Complaint ("Amended Complaint") (ECF No. 13). Gaines became employed with the Police Jury around June of 2017. ECF No. 13 at 2. He alleges his former co-worker Vanessa Giambrone ("Giambrone") complained of sexual harassment by employees, supervisors, and co-workers to their employer the Police Jury on October 10, 2018. *Id.* Gaines supported her claim in a meeting with his supervisor Jody Stuckey ("Stuckey"). *Id.* Gaines asserts his job was threatened if he continued to support such complaints, and alleges that false rumors were spread in retaliation. *Id.* at 3. He complained again and states Stuckey told him again if he continued, he would "lose [his] job." *Id.*

Gaines asserts he filed charges of discrimination, harassment, and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Louisiana Commission on Human Rights and received a Notice of Suit Rights on September 1, 2020. *Id.* He claims the Police Jury's conduct is purposeful discrimination and retaliation in violation of Title VII. *Id.* He seeks statutory damages, including compensatory damages under 42 U.S.C. § 1981a, back pay, benefits, special damages, reinstatement/front pay, punitive damages, and reasonable attorney fees. *Id.* at 4. He also seeks an order enjoining the Police Jury from further discriminatory and retaliatory practices against him. *Id.*

Gaines argues he does not need to plead detailed factual allegations. ECF No. 8, 24. He argues his Amended Complaint (ECF No. 13) adequately asserts an "adverse employment action," and that dismissal is improper at this stage. ECF No. 8 at 9.

The Police Jury responded with a second Rule 12(b)(6) Motion to Dismiss ("Second Motion to Dismiss") (ECF No. 16) on the same grounds as First Motion to Dismiss (ECF No. 5), except to state that Gaines now alleges a protected activity. ECF No. 16 at 1, 5. The Police Jury contends Gaines still fails to identify what he reported, any adverse personnel action that occurred, or any causation between a protected activity and an adverse action. ECF No. 16-1 at 5-7. The Police Jury also asserts Gaines makes no *prima facie* claim for discrimination of any kind. *Id.* at 7. Gaines opposes. ECF No. 24.

## II. Law and Analysis

### A. Gaines' allegations must raise a plausible right to relief.

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted."[1] But a complaint should not be dismissed "if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted).

---

[1] And Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

3

A complaint or claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted). Factual allegations need not be detailed but must "raise a right to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020).

In deciding a motion to dismiss, a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Id.* at 496. However, a court need not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal citation and quotation omitted)).

J. <u>Gaines' claims should be dismissed under Rule 12(b)(6).</u>

In its First Motion to Dismiss (ECF No. 5), the Police Jury seeks dismissal of the Complaint (ECF No. 1) for failure to state a Title VII or state-law claim. ECF No. 5 at 1. The Police Jury argues Gaines fails to allege a sex or race-based discrimination or harassment claim. *Id.* And it argues Gaines fails to allege an adverse employment action or causation between a protected activity and an adverse employment action in retaliation. ECF No. 5-1 at 4.

The Police Jury argues Gaines's allegations of retaliatory conduct fail to rise to the level of "material adversity" as a matter of law. *Id.* at 7. It argues Gaines fails to plausibly allege a causal connection, which must include either a "very close" temporal connection, or allegations of circumstances giving rise to an inference of

4

causation. *Id.* at 8. The Police Jury asserts Gaines's alleged protected activity – unidentified "support" of Giambrone's claim – is not dated. *Id.* The allegations of retaliatory activity are also not dated. *Id.* at 9.

The Police Jury states that Gaines fails to make a *prima facie* discrimination claim as he makes no mention of race or sex. *Id.* Rather, he references "Gender and Race Discrimination and Retaliation" in his "causes of action" heading. *Id.* The Police Jury also seeks dismissal of discrimination and retaliation claims under Louisiana law. *Id.* at 9-10.

The Police Jury filed a Second Motion to Dismiss (ECF No. 16), seeking dismissal of Gaines' Amended Complaint (ECF No. 13). Except for the protected activity, the Police Jury argues Gaines' amended allegations fail to cure the deficiencies in the original Complaint. ECF No. 16-1 at 5. The Police Jury argues Gaines still fails to allege any adverse personnel action that occurred for his protected activity, fails to allege any temporal proximity or other circumstances to establish causation, and fails to make a *prima facie* discrimination claim. *Id.* at 5-10.

Gaines responds that specific facts are not necessary under federal pleading standards. ECF No. 8. Gaines argues he meets the notice pleading requirements under Fed. R. Civ. P. 8. *Id.* at 5. He admits his Complaint (ECF No. 1) is sparse. *Id.* at 7. But he states he clearly alleged a protected activity – that he supported the claim filed by Giambrone. *Id.*

Gaines further responds that he alleges an adverse employment action, which is broadly defined as "one that could dissuade a reasonable worker from making a

5

charge of discrimination." *Id.* at 8 (citing *Burlington v. Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006)). Gaines argues he alleges he suffered a diminution in prestige or change in standing among co-workers, was threatened with the loss of his job, was subjected to false and malicious rumors, and was ostracized by his fellow co-workers. *Id.* Gaines asserts the United States Fifth Circuit Court of Appeals has found this conduct amounts to an adverse employment action. *Id.* (citing *Halliburton, Inc. v. Admin. Review Board*, 771 F.3d 254 (5th Cir. 2014)).

Gaines also argues he clearly pleads that he engaged in protected activity of opposing discrimination and that the adverse actions immediately followed. *Id.* at 9. Gaines argues a heightened pleading is not required at this stage of the proceedings. *Id.* at 9-10. (citing *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019)). Gaines requests he be allowed sufficient time to conduct discovery before any claims are dismissed. *Id.* at 10. Alternatively, if the Amended Complaint if found deficient, Gaines requests 10 days following any ruling to further amend.[2] ECF No. 24 at 13.

### 1. <u>Gaines fails to state a viable claim for discrimination.</u>

Gaines' allegations in the Complaint (ECF No. 1) and Amended Complaint (ECF No. 13), fail to state a claim for discrimination under Title VII or Louisiana law. The amending allegations remove the charge of "discrimination" and replace it with "retaliation." ECF Nos. 1 at 1, 13 at 1. Gaines alleges he "timely filed charges of discrimination/harassment *based on* retaliation," which he amended to state he

---

[2] Gaines did not attach a proposed pleading and has not filed a motion to amend the pleadings.

6

"timely filed charges of discrimination/harassment *and* retaliation." ECF Nos. 1 at 2, 13 at 3 (emphasis added). Gaines originally asserted "causes of action" titled "GENDER AND RACE DISCRIMINATION AND RETALIATION." ECF No. 1 at 3. However, he alleged the conduct of the Police Jury constituted "purposeful discrimination against Plaintiff constitute illegal retaliation in violation of Title VII . . . ." *Id.*

In his Amended Complaint, Gaines' "causes of action" changed to "RETALIATION" and include the same allegation. ECF No. 13 at 3. Both the Complaint (ECF No. 1 at 4) and Amended Complaint (ECF No. 13 at 4) request a court order "to cease the discriminatory and retaliatory practices enumerated" and to enjoin "further discrimination or retaliation." ECF Nos. 1 at 4, 13 at 4. No other factual allegations of discrimination are alleged.

Here, Gaines fails to state viable claims of discrimination against the Police Jury. Instead, Gaines alleges claims for "retaliation in the opposition" to discrimination. ECF No. 24 at 9. As noted, Gaines' amendment dropped any cause of action for "gender and race discrimination" and makes no other specific allegations of discrimination. Therefore, Gaines' allegations of any "discrimination" against him under Title VII or Louisiana law should be dismissed.

### 2. Gaines fails to state a viable claim for retaliation.

The Police Jury asserts Gaines' Compliant (ECF No. 1), as amended (ECF No. 13), fails to plausibly allege an adverse employment action, or a plausible allegation of causation between a protected activity and an adverse employment action. ECF Nos. 5 at 1, 16 at 1. With the amendment, the Police Jury no longer argues Gaines

fails to identify a protected activity – now specifically alleged concerning his meetings to report witnessing the inappropriate sexually based conduct against Giambrone. ECF Nos. 13 at 2, 16-1 at 5.³ However, the Police Jury contends the remaining allegations fail to cure the remaining deficiencies. ECF No. 16-1 at 5.

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals' race, color, sex or national origin . . . ." 42 U.S.C. § 2000e-2(a). Title VII also prohibits employers from retaliating against an employee who opposes, complains, or files a charge raising her employer's discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-3(a).

Though a plaintiff need not submit evidence to establish the prima face case for discrimination, he must plead enough facts on all of the ultimate elements of the claim to make his case plausible. *Davis v. Texas Health and Human Servs. Comm'n*, 761 Fed.Appx. 451, 454 (5th Cir. 2019) (citation omitted); *see also Stone v. La. Dept. of Revenu*, 590 Fed.Appx. 332, 340 (5th Cir. 2014) (affirming the dismissal of discrimination claims under Title VII because the plaintiff failed to allege an adverse employment action).

To establish a claim of retaliation under Title VII, a plaintiff must show that: (1) he engaged in a protected activity; (2) he was subject to an adverse employment

---

³ The Police Jury notes that Gaines fails to state what he allegedly reported, but it does not contend that he failed to adequately plead he engaged in a "protected activity." ECF No. 16-1 at 7.

action; and (3) a causal connection between his participation in the protected activity and the adverse employment action. *Davis*, 761 Fed.Appx. at 454–55 (5th Cir. 2019) (citation omitted).

"Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceedings, or hearing under Title VII." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003). A good faith complaint to a human resource representative or management officer regarding retaliation and discrimination is protected activity. *Rodriguez v. Wal-Mart Stores, Inc.*, 540 Fed. Appx. 322, 328 (5th Cir. 2013) (*per curiam*) ("An employee who files an internal complaint of discrimination engages in a protected activity.") (Citing *Fierros v. Texas Dep't of Health*, 274 F.3d 187, 194 (5th Cir. 2001)).

Here, Gaines alleges he supported Giambrone's complaints of sexual harassment. ECF Nos. 1 at 2, 13 at 2. He told Stuckey he witnessed inappropriate sexually based conduct by employees, supervisors, and coworkers against Giambrone. ECF No. 13 at 2. Gaines alleges he met with Acting Human Resources Gina Thomas and told her the same. *Id.* As the Police Jury admits, Gaines engaged in a protected activity.

Gaines alleges that after he supported Giambrone, Stuckey told him he was "going to lose [his] job" if he kept supporting and filing complaints. *Id.* He alleges malicious false rumors that he and Giambrone had a sexual relationship were spread

in his workplace. ECF Nos. 1 at 2, 13 at 3. He asserts he complained and was again told it was going to cause him to "lose [his] job." ECF No. 13 at 3.

Gaines alleges he experienced retaliation in violation of Title VII and La. R.S. 23:301, *et seq.* as a result of supporting Giambrone's claims and his own opposition to retaliation. *Id.* He asserts he has been ostracized, employees are talking behind his back, and false rumors continue to date even after Giambrone's employment was terminated. *Id.* He alleges he is under constant threat he will lose his job. *Id.*

The Police Jury argues that problems with co-workers, rumors, and being "ostracized" do not rise to the level of "material adversity." ECF No. 16-1 at 7. The Police Jury further argues the Fifth Circuit has held that allegations that a plaintiff "was chastised by superiors and ostracized by co-workers" do not rise to the level of material adversity. *Id.* (citing *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331-32 (5th Cir. 2009)). The Police Jury further argues Gaines fails to allege what happened to him that would "chill" him from offering support of Giambrone. ECF No. 16-1 at 8. They contend Gaines cannot rely on "an alleged warning that future protected activity may have adverse consequences." *Id.*

An adverse employment action generally constitutes a discharge, demotion, refusal to promote or hire, and any reprimand. *See Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir. 2000). It is an action harmful enough to "dissuade a reasonable worker" from engaging in the protected activity. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

This broad definition encompasses actions that affect "job title, grade, hours, salary, or benefits" or cause "a diminution in prestige or change in standing among . . . coworkers." *Paul v. Elayn Hunt Corr. Ctr.*, 666 Fed.Appx. 342, 346 (5th Cir. 2016) (quoting *Stewart*, 586 F.3d at 332 (internal quotations omitted)). However, "[m]aterial adversity" is required "to separate significant harm from trivial harms" and "filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Burlington*, 548 U.S. at 68. And even adverse action intended by the employer as retaliation must satisfy the "materiality" standard. *Id.* at 67-68.

Gaines does not state on what dates that any the alleged false rumors or ostracizing took place. And he does not state who was the acting party for those alleged acts. Thus, the Court finds the cases cited by Gaines inapposite. *See Halliburton, Inc. v. Admin. Review Board*, 771 F.3d 254, 262 (5th Cir. 2014) (where employer's targeted creation of an environment where the plaintiff was ostracized amounted to adverse employment action); *Parker v. Reema Consulting Services, Inc.*, 915 F.3d 297, 300 (4th Cir. 2019) (where employer's participation in the circulation of sexual rumors and acting on it by sanctioning the employee gave rise to employer liability under Title VII). Gaines fails to plead that the alleged false rumors or ostracizing constituted "materially adverse" *employment* action. *See, e.g., Stewart*, 586 F.3d at 332 (no adverse employment action where plaintiff's personal belongings were taken from her desk, her door locks were changed, she was chastised and ostracized by co-workers and supervisors, and she was assigned a heavier workload).

Gaines specifically alleges Stuckey threatened that he would lose his job if he continued supporting Giambrone's complaints. ECF No. 13 at 2-3. The Court must ascertain whether this is enough to allege an adverse employment action.

The causation requirement for a Title VII retaliation claim requires the heightened "but-for" causation. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013). Thus, Gaines must show the Police Jury would not have taken the adverse employment action "but-for" a plan to retaliate. Gaines fails to establish a "but for" causation of his "protected activity" with any adverse employment action. Moreover, while Gaines was told he could "lose [his] job," he has not alleged he was terminated, demoted, removed from certain duties, or any other action.

Simply stated, other than the generic allegations of false rumors and ostracization, no action such as a termination or demotion has taken place. And Gaines' allegations clearly establish he was not prevented from engaging in any protected activity. Thus, Gaines' allegations of retaliation should be dismissed.

### III. Conclusion

Because Gaines fails to state plausible claims for discrimination and retaliation;

IT IS RECOMMENDED that the Police Jury's Motions to Dismiss (ECF Nos. 5, 16) be GRANTED.

IT IS FURTHER RECOMMENDED that Gaines' action be DISMISSED WITHOUT PREJUDICE.[4]

---

[4] Because it is not clear whether Gaines could amend his complaint to state some claim against the Police Jury, this dismissal should be without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __22nd__ day of September 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE